**T & H BAIL BONDS INC. and Ted Pridgen, Plaintiffs,**

v.

**LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA, Billy Carter and James Rochester, Defendants.**

Civ. No. 04–1290–SLR.

United States District Court,
D. Delaware.

Sept. 29, 2008.

Joseph J. Rhoades, Esquire of Law Office of Joseph J. Rhoades, Esq., Wilmington, DE, of Counsel: Jonathan Walters, Esquire of Markowitz & Richman, Philadelphia, PA, for Plaintiff.

John F. Brady, Esquire of Brady, Richardson, Beauregard & Chasanov, LLC, Georgetown, DE, for Defendant.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

Plaintiffs T & H Bail Bonds, Inc. ("T & H") and Ted Pridgen ("Mr. Pridgen"), the president of T & H Bail Bonds, Inc. (collectively "plaintiffs"), originally filed this action in the Court of Chancery of the State of Delaware against defendants Local 199 Laborers International Union of North America (the "Union"); Billy Carter ("Mr. Carter"), president of the Union; and James Rochester ("Mr. Rochester"), another officer of the Union (collectively "defendants"). (D.I. 1, ex. A at ¶¶ 1–3) The complaint, filed September 17, 2004, includes two counts. (*Id.*, ex. A) Count 1 asserts claims pursuant to "Interference with Trade" and count 2 asserts claims pursuant to "Libel and Slander". (*Id.*) On September 22, 2004, the Union filed an unfair labor practice charge against plaintiffs with the National Labor Relations Board ("NLRB") (D.I. 18 at 1), and the following day removed the state action to this court pursuant to 28 U.S.C. § 1446(d). (D.I. 1 at 1) On October 4, 2004, plaintiffs filed a memorandum of law in this court suggesting that the portion of the case that relates to the NLRB action should be adjudicated by the NLRB, and that the remaining claims should be stayed pending a decision by the NLRB. (D.I. 8) The defendants filed an answer (D.I. 11) as agreed by the parties (D.I. 10 at 5), and the court, on November 3, 2004, stayed the proceedings. On March 13, 2006, the union withdrew its NLRB charges. (D.I. 18 at 2) On September 27, 2007, the court

entered an order dismissing the complaint for lack of prosecution. (D.I. 12) Plaintiffs then filed a motion to reopen the matter on October 11, 2007, which the court granted. (D.I. 13) Currently before the court is defendants' motion for partial summary judgment (D.I. 17), limited to count 1, "Interference with Trade." The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant this motion.

## II. BACKGROUND

At certain times, allegedly beginning on September 14, 2004 [1], the Union picketed plaintiffs' business location at 623 King Street, Wilmington, Delaware. In addition, the Union inflated a large rat balloon, and distributed flyers ("handbills" and "handbilling") at this location. (D.I. 1, ex. A at ¶ 4) These activities were in response to the use of nonunion labor elsewhere by a different company, LCC. (*Id.*) Plaintiffs allege that they have no business relationship with LCC, that the handbills distributed by defendants were misleading, that defendants' activity was designed to cause economic harm, that it was causing plaintiffs and plaintiffs' customers to have concerns over safety, and that it was causing customers to go elsewhere for bail bonds. (D.I. 1, ex. A at ¶¶ 4–5) There are additional allegations in count 2 of plaintiffs' complaint, however, the present motion is limited to count 1.

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir.2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (*quoting* Fed.R.Civ.P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir.2005) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Indeed, to survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of

---

1. When deciding a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995); for purposes of this motion, therefore, the court must accept this and other disputed assertions as true.

a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

Plaintiffs argue that count 1 adequately states a cause of action pursuant to Delaware law for wrongful interference with prospective business relationships arising from defendants' alleged conduct (D.I. 19 § I) and that, although such conduct may give rise to federal claims under the National Labor Relations Act [2] ("NLRA"), this does not preempt the state law claim (*Id.* § I(D)). Defendants argue that regardless of the truth of the disputed facts, plaintiffs' exclusive remedy lies with the NLRB due to the doctrine of preemption, because the alleged conduct is either protected or prohibited by the NLRA. (D.I. 18 at 2) For the reasons discussed below, the court agrees with defendants.

### A. The Doctrine of Preemption

■ The doctrine of preemption flows from the Supremacy Clause of Article VI of the Constitution: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *U.S. Const.* art. VI, cl. 2. The NLRA is the law of the land, a comprehensive code regulating labor relations in activities affecting interstate commerce. *Nash v. Florida Indus. Comm'n*, 389 U.S. 235, 238, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967). "The

principles of labor preemption, which derive from *San Diego Building Trades Council v. Garmon*, are well established" and operate to prevent state law from frustrating substantive policy established by the NLRA and regulatory mechanisms designed to further such policy. *Richardson v. Kruchko & Fries*, 966 F.2d 153, 155 (4th Cir.1992) (*citing Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)). Under *Garmon* preemption, if conduct regulated by the state is "actually or arguably" protected under NLRA Section 7, or prohibited under NLRA Section 8, the state law is preempted except when: (1) "the conduct at issue is only a peripheral concern of the NLRA," or (2) "the conduct at issue ... touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the State of the power to act." *Id.* at 156 & n. * (*quoting Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 676, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983)).

■ The Supreme Court has recognized narrow exceptions to preemption under the *Garmon* doctrine when the state law seeks to regulate conduct which is not protected or prohibited by the NLRA. *See e.g. Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (holding that state action for trespass was not preempted because it was limited to the trespass aspect of picketing, not the picketing itself); *Farmer v. United Bhd. of Carpenters and Joiners of Am., Local 25*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (holding that state tort action for intentional infliction of emotional distress was not preempted because the NLRA did not protect conduct by union

2. 29 U.S.C. § 151, *et seq.*

officers that was so outrageous, no reasonable man should be expected to endure it); *Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (concluding state action for libel is not preempted if the complainant pleads and proves actual malice and causation of injury); *Int'l Ass'n of Machinists v. Gonzales*, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958) (holding that state contract claim was not preempted because it was internal to the union and not subject to regulation under the NLRA).

■ In contrast, the Supreme Court has found that state tort actions for interference with a business relationship are subject to *Garmon* preemption. *See e.g. Jones*, 460 U.S. at 677–78, 103 S.Ct. 1453 (holding state cause of action for tortious interference with employment contract was preempted since union's alleged conduct was arguably prohibited by provisions of the NLRA); *Iron Workers v. Perko*, 373 U.S. 701, 83 S.Ct. 1429, 10 L.Ed.2d 646 (1963) (concluding that plaintiff's state action for interference with existing or prospective employment relations was preempted because it was founded on conduct that was arguably within the ambit of Section 7 or Section 8 of the NLRA). "[T]he Garmon preemption doctrine not only mandates the substantive preemption by the federal labor law in the areas to which it applies, but also protects the exclusive jurisdiction of the NLRB over matters arguably within the reach of the Act." *Jones*, 460 U.S. at 680, 103 S.Ct. 1453.

### B. Application of the Doctrine of Preemption to the Present Case

Plaintiffs, relying on *Gonzales*, 356 U.S. at 621, 78 S.Ct. 923, argue that partial relief available from the NLRB does not deprive them of available state remedies for all damages suffered. (D.I. 19 § (I)(D)) The Supreme Court made it clear, however, that the preemption doctrine did not apply in *Gonzales* because the conduct at issue was focused on "purely internal union matters" not subject to regulation under the NLRA. *Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of America v. Lockridge*, 403 U.S. 274 at 296, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971) (citations omitted). It went on to say that "[p]re-emption ... is designed to shield the system from conflicting regulation of conduct. It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." *Id.* at 292, 91 S.Ct. 1909. Even if the conduct at issue was alleged to be non-coercive, it would still preempt a state cause of action because it would require a court to decide whether the Union's conduct was coercive or not, and "such questions of federal labor law should be resolved by the NLRB." *Jones*, 460 U.S. at 682, 103 S.Ct. 1453.

■ In the present case, the conduct giving rise to the claims focuses on picketing, handbilling, and inflating a large rat balloon. (D.I. 1, ex. A at ¶ 4) There is no dispute that picketing is conduct within the ambit of the NLRA. Plaintiffs have pointed out in their memorandum of law that "[t]he right to picket is either protected under Section 7 of the Labor Act, or prohibited under Section 8 of the Labor Act, depending on the circumstances. The exclusive remedy for a violation is with the National Labor Relations Board ...;" defendants agree. (D.I. 8; D.I. 18 at 2) Handbilling and inflating a large rat balloon are also conduct arguably either protected under NLRA Section 7[3] or prohib-

---

**3.** "Employees shall have the right to ... engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection...." 29 U.S.C.A § 157

ited under NLRA Section 8.[4] *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Const. Trades,* 485 U.S. 568, 578–79, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988); *NLRB v. Local 3, Intern. Broth. of Elec. Workers,* 471 F.3d 399, 402, 409 (2d Cir.2006).

■ Plaintiffs further argue that the NLRA does not "provide for regulation of relationships with third parties. . . ." (D.I. 19 at § I(B)), the alleged relationship between plaintiffs and defendants. (D.I. 1, ex. A at ¶ 4) However, "[i]t is clear that a finding that 'state law claims are preempted under *Garmon* is determined not by the identity of the party against whom the claims are asserted, but rather by the issues that those claims require a court to adjudicate.' " *Bergen Regional Med. Ctr. v. Health Professionals,* No. Civ. 05–2595WHW, 2005 WL 3216549, at *7 (D.N.J. Nov. 29, 2005) (*citing Richardson,* 966 F.2d at 156).

The court finds that plaintiffs have failed to establish a genuine issue of material fact with regard to the conduct of defendants alleged in count 1 of plaintiffs' complaint, that such conduct by defendants is at least arguably protected by Section 7 or prohibited by Section 8 of the NLRA and, therefore, that the NLRA preempts the state law claim of wrongful interference with prospective business relationships arising from such conduct. For the above reasons, the court will grant partial summary judgment in favor of defendants on count 1 of the complaint.

## V. CONCLUSION

For the reasons stated, the court will grant defendants Local 199 Laborers In-

ternational Union of North America, Billy Carter, and James Rochester's motion for partial summary judgment. Further, the court concludes that it is appropriate to remand the remaining claim to state court. An appropriate order will issue.

### ORDER

At Wilmington this 29th day of September 2008, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment (D.I. 17) is granted.

2. The case shall be remanded to the Court of Chancery of the State of Delaware unless, on or before **October 15, 2008,** good cause be shown for this court to retain jurisdiction.

---

**4.** "It shall be an unfair labor practice for a labor organization or its agents . . . to threaten, coerce, or restrain any person engaged in commerce . . . where . . . an object thereof is . . . forcing or requiring any person . . . to cease doing business with any other person . . . [p]rovided, [t]hat nothing contained in this clause (B) shall be construed to make unlawful . . . primary picketing." 29 U.S.C.A. 158(b)(4)(ii)(B)